**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SUSAN FLOYD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-2620-RWS |
| SUNTRUST BANKS, INC., *et al.*, | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**<u>ORDER</u>**

This case comes before the Court on Plaintiff's Motion to Strike Answer

to Complaint [8], Plaintiff's Motion to Strike Answer to Amended Complaint

[24], Defendant Christina Alexander's Motion to Dismiss for Lack of Personal

Jurisdiction [29], Defendants Christina Alexander and Aetna Life Insurance

Company's ("Aetna")(collectively, "Aetna Defendants") Motion to Dismiss

Plaintiff's First Amended Complaint [30], and Defendants Theresa L. Harwood

Hammond, SunTrust Banks, Inc., and SunTrust Bank's (collectively, "SunTrust

Defendants") Motion for Extension of Time to File Reply Brief in Support of

Motion to Quash Subpoenas [54].  After a review of the Record, the Court

enters the following Order.

## I. Brief Factual Background[1]

Susan Floyd, Plaintiff, was once employed by SunTrust as an in-house

attorney. Id. at ¶ 21. In May 2009, during her SunTrust employment, Plaintiff

filed a gender discrimination lawsuit against SunTrust.  Am. Cmpl., Dkt. No.

[15] at ¶ 10. During that litigation, SunTrust propounded discovery seeking

medical and psychotherapy records from the Plaintiff directly, and Plaintiff

objected. Id. at ¶ 22.

Following Plaintiff's objection and without informing the Plaintiff,

Defendant Hammond–who was also employed as an in-house attorney for

SunTrust–requested Plaintiff's FMLA file from SunTrust's FMLA

administrator and agent–Aetna. Id. at ¶¶ 23-25, 31-34.  Aetna and SunTrust had

a contract which stated that information received under the plan would only be

used for administering the FMLA plan and would not be used in any

employment related actions or decisions without the relevant employee's

---

[1]These facts are drawn from the Complaint.  The Court makes no findings of fact
in this Order.

authorization.  <u>Id.</u> at ¶¶ 27-28. However, Aetna produced these documents

having being informed that these documents were requested for " use . . . in a

lawsuit filed by Plaintiff." <u>Id.</u> at ¶ 40.  But, when asked later about why they

disclosed the information, Aetna's in-house counsel responded that they were

not aware a lawsuit was pending and that Defendant Alexander–Aetna's file

handler– had assumed that the SunTrust Defendants had a legitimate purpose in

requesting the records. <u>Id.</u> at ¶¶ 77-78.  It is this disclosure that underlies

Plaintiff's claims against the Aetna Defendants.

The Aetna Defendants now move to dismiss all claims against them and

Defendant Alexander individually moves to dismiss for lack of personal

jurisdiction.  As well, the SunTrust Defendants seek leave of Court to file a

reply brief to their Motion to Quash following this Court's ruling on the

motions to dismiss.  The Court will consider the motions in turn.

## II. Discussion

### A. Motion to Strike the SunTrust Defendants' Answer

As a preliminary matter, the Court finds that Plaintiff's Motion to Strike

the SunTrust Defendants' Answer [8] is **MOOT**.  The Plaintiff has sought, and

received, leave of this Court to amend her complaint. <u>See</u> Dkt. Nos. [12, 14, 15]. Thus, the SunTrust Defendants' original answer is no longer controlling.

### B. Motion to Dismiss Plaintiff's Amended Complaint for Failing to State a Claim

The Aetna Defendants have moved this Court to dismiss all claims against them for failing to state a claim. When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." <u>Grossman v. Nationsbank, N.A.,</u> 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  <u>Bryant v. Avado Brands, Inc.,</u> 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); <u>see</u> <u>also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u>

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond

4

doubt that the plaintiff can prove  no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level."  Id. at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  Id.

1. Tortious Interference with Confidential Relationships

The Aetna Defendants first move to dismiss Plaintiff's tortious interference with confidential relationships claim.  Plaintiff alleges that in disclosing the Plaintiff's confidential information to the SunTrust Defendants, the Aetna Defendants tortiously interfered with "Plaintiff's confidential relationships with her medical and psychotherapy providers." Am. Cmpl., Dkt. No. [15] at ¶ 104.

First, the Aetna Defendants challenge whether Georgia even recognizes this cause of action when a third-party does not induce the fiduciary himself to breach his duty, but rather it is the third-party who distributes the fiduciary's

5

lawfully disseminated confidential information. This Court agrees that such a cause of action has not been recognized in Georgia law.

In Rome Industries, Inc. v. Jonsson, 415 S.E.2d 651, 652 (Ga. Ct. App. 1992), the Georgia Court of Appeals found that a third-party could be liable for tortious interference with confidential relationships if the third-party induced a corporation's officer (its fiduciary) to violate his own duty to the corporation. The Court of Appeals noted that this "right of action is based on the statute imposing liability in tort to one who procures another to commit a tortious act. . ." Id. (citing O.C.G.A. § 51-12-30) (emphasis added).      Moreover, the case equated this cause of action as one "for tortious interference of contractual rights." Id.

However, in Karpowicz v. Hyles, 543 S.E.2d 51, 52 (Ga. Ct. App. 2000), the Court of Appeals did not sustain a claim where defense counsel obtained the plaintiff's psychiatric records from the plaintiff's psychologist by a legal subpoena duces tecum. After receiving the privileged information, the attorney then openly divulged it in open court during cross-examination.  The Court of Appeals ruled that the case was "devoid of any evidence that [the defense

attorney] attempted to <u>induce</u> anyone to breach a confidential relationship or fiduciary duty." <u>Id.</u> (emphasis added).

Like <u>Karpowicz</u>, this case lacks any inducement evidence.  Plaintiff summarily alleges that the Aetna Defendants interfered with Plaintiff's psychiatric-patient relationship, but fails to state how the Aetna Defendants did so.  There are no allegations that the Aetna Defendants lied to the psychologist to obtain the records, or that they otherwise improperly convinced the psychologist to release the records. <u>See</u> Am. Cmpl., Dkt. No. [15] at ¶¶ 34-40, 83, 103-05 (alleging that the SunTrust Defendants improperly obtained the information, but not that the Aetna Defendants induced the psychologists to initially produce the records to them). Rather, the more likely scenario is that the Plaintiff released her records to Aetna for the purpose of processing her FMLA claim.

Additionally, the Court notes that this is not a case in which the alleged violator of the alleged duty holds the duty.  Unlike <u>Rome</u>, where the officer himself was induced to violate his duty to the corporation, the Aetna Defendants were already in the lawful possession of the confidential information and only chose to disclose that information following their proper

receipt of it. Moreover, the disclosure is like that of <u>Karpowicz</u>–the Defendant here disclosed the confidential information after it was legally obtained.  This is not a classic third-party interference claim and is not recognized in Georgia law. Therefore, Plaintiff's tortious interference with confidential relationships claim is **DISMISSED** against the Aetna Defendants.[2]

### 2. Negligence-Based Claims

The Aetna Defendants next move to dismiss the Plaintiff's negligence-based claims: negligence, gross negligence, negligence *per se*, and Aetna's

---

[2]The Court is not persuaded by Plaintiff's citation of <u>Kennestone Hospital, Inc. v. Hopson</u>, 538 S.E.2d 742 (Ga. 2000), <u>Insight Technology, Inc. v. FreightCheck, LLC</u>, 633 S.E.2d 373 (Ga. Ct. App. 2006), or <u>Hicks v. Tallbott Recovery System, Inc.</u>, 196 F.3d 1226 (11th Cir. 1999) (applying Georgia law).  First, in <u>Kennestone</u>, the Georgia Supreme Court did not even address the merits of the tortious interference with confidential relationship claim. 538 S.E.2d at 744-45. Rather, the court only discussed whether the plaintiff could impliedly waive the psychologist-patient privilege in Georgia. <u>Id.</u> In <u>Insight</u>, the Georgia Court of Appeals again noted that the key to a tortious interference claim is inducing the privilege holder to improperly act. 633 S.E.2d at 379 ("Georgia law authorizes a plaintiff to recover [for tortious interference with a fiduciary relationship] upon proof of the following elements: (1) through improper action or wrongful conduct and without privilege, the defendant acted to <u>procure a breach of the primary wrongdoer's fiduciary duty</u> to the plaintiff; (2) with knowledge that the <u>primary wrongdoer owed the plaintiff a fiduciary duty</u>, the defendant acted purposely and with malice and the intent to injure;(3) the defendant's wrongful conduct procured a breach of the primary wrongdoer's fiduciary duty; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.") (emphasis added).  Last, <u>Hicks</u> didn't involve a third-party claim; rather, the defendants directly owed the plaintiff a duty and violated it. 196 F.3d at 1241 ("The jury concluded that [the defendants] had breached a fiduciary duty that <u>they owed</u> to [the plaintiff] . . .").

negligent supervision of Alexander.  All of these claims are based upon the

allegation that the SunTrust Defendants were not entitled to the Plaintiff's

records; thus, any disclosure by the Aetna Defendants was improper.

Specifically, Plaintiffs allege that the Aetna Defendants violated

> [the Health Insurance Portability and Accountability Act of 1996
> ("HIPAA"), 45 C.F.R. § 164 *et seq.*,] and the plan sponsor
> disclosure rules contained in 45 C.F.R. [§] 164.504(f), as well as
> the contractual undertakings between AETNA and SunTrust
> pursuant to those rules. [Further] . . . AETNA was serving as
> SunTrust's agent and . . . SunTrust was Plaintiff's employer.  This
> agency relationship obligated both SunTrust and Aetna to comply
> with the privacy provisions of the ADA.

Pl.'s Opp. Br., Dkt. No. [37] at 32.

### a. HIPAA and Related Obligations

First, this Court does not find that the Aetna Defendants–as

administrators of an FMLA or STD plan–were subject to HIPAA or any related

disclosure rules as they are not "covered entities" under that framework.  See

Harris v. Vescom Corp., 2007 WL 1810159, *2 (S.D. Ga. 2007) ("The privacy

rule of [HIPAA] . . . does not directly regulate employers or other plan sponsors

that are not HIPAA covered entities.").  In order to be subject to HIPAA, the

entity must be: "(1) a health plan[;] (2) A health care clearinghouse[; or ] (3) A

health care provider who transmits any health information in electronic form in

connection with a transaction covered by this subchapter." 45 C.F.R. § 160.103.

Plaintiff has not alleged that the Aetna Defendants as FMLA and STD plan

administrators meet any of these requirements.

Additionally, the Aetna Defendants are not directly subject to 45 C.F.R. §

164.504(f) because they are not a group health plan for that regulation's

purposes. See 45 C.F.R. § 164.504(f)(1) (stating that the provision only applies

to a "group health plan"). 45 C.F.R. § 160.103 defines "group health plan" as a

"health plan" which has fifty or more participants and is administered outside

the employer. A "health plan" includes: (i) a group health plan (as defined as

an employee welfare benefit plan under the Employee Retirement Income and

Security Act ("ERISA") to the extent the plan provides medical services); (ii) a

health insurance issuer as defined by ERISA (iii) health maintenance

organization ("HMO"); (iv) Medicare; (v) Medicaid; (vi) an issuer of a

Medicare supplemental policy; (vii) an issuer of a long-term care policy; (viii)

various federal healthcare programs; and (ix) various State law healthcare plans.

45 C.F.R. § 160.103. Plaintiff has not alleged that the Aetna Defendants meet

any of those definitions. Rather, Plaintiff alleges that the Aetna Defendants

were solely agents who administered the SunTrust FMLA and STD plans–not

AO 72A
(Rev.8/82)

health insurance plans.  Am. Cmpl., Dkt. No. [15] at ¶¶ 25, 81. Thus, Aetna is

not a covered entity here.

     To overcome this issue, the Plaintiff argues that because the Aetna

Defendants were the "business associates" of the SunTrust Defendants, they

owed the Plaintiff a HIPAA-related duty. Pl.'s Opp., Dkt. No. [37] at 34.

However, the Aetna Defendants can only be liable if the SunTrust Defendants

would be subject to these privacy protections–and they are not.  See 45 C.F.R. §

160.103 (defining a business associate as one who acts on behalf of a covered

entity).  The Plaintiff has not alleged that the SunTrust Defendants are any of

the three types of "covered entities" mentioned above.  Thus, Aetna did not owe

any HIPAA or related privacy duties as the SunTrust Defendants' agent.  This

also means that there was not a HIPAA violation which would have violated the

SunTrust and Aetna contract, even assuming the Plaintiff had alleged she was a

third-party beneficiary and thus has standing under the contract. See Am.

Cmpl., Dkt. No. [15] at ¶ 27 (stating that Aetna and SunTrust agreed to comply

with all "applicable federal and state laws regarding access, use, or disclosure . .

.[including] HIPAA").

11

**b. ADA**

In her brief, the Plaintiff also claims that the Americans with Disabilities Act ("ADA"), and specifically 42 U.S.C. § 12112(d), imposes a duty which the Aetna Defendants breached. Pl.'s Opp., Dkt. No. [37] at 34. However, the Plaintiff has not brought an ADA action against the Aetna Defendants.[3] See Am. Cmpl., Dkt. No. [15] at 27 (bringing an ADA claim only against the SunTrust Defendants). Plaintiff instead states that Aetna Defendants are on notice of their third-party ADA claim by virtue of the Plaintiff's citation to Kennestone Hospital v. Hopson, 538 S.E.2d 742 (Ga. 2000) within the factual section of the Amended Complaint.  Pl.'s Opp., Dkt. No. [37] at 32.  However, Hopson has nothing to do with the ADA; it is about an implied waiver of the Georgia psychiatrist-patient privilege.

As well, where the Plaintiff specifically refers to § 12112(d) in her Complaint, she only states that the confidential information was obtained pursuant to that section–without stating how the Aetna Defendants' actions were improper and without raising it as a claim against them. See Am. Cmpl.,

---

[3]Plaintiff also states in her Opposition Brief that "there may be no cause of action against AETNA specifically under the ADA. . ." Pl.'s Opp., Dkt. No. [37] at 34.

Dkt. No. [15] at ¶¶ 81-84.  She then summarily states that the Aetna Defendants

violated "applicable state and federal law," without directing the Defendants or

this Court to what those provisions would be. This lack of notice coupled with

the Plaintiff's failure to plausibly allege any facts which would support such a

claim causes the Court to find that the ADA has not been plead as the basis for

a breached duty by the Aetna Defendants.

### c. Agency Relationship

Beyond Plaintiff's statutory bases to substantiate negligence, the Court

also struggles with the Plaintiff's argument that on one hand the Aetna

Defendants were the SunTrust Defendants' agents–and thus anything in Aetna's

possession would also be for the benefit of SunTrust–and on the other hand, the

Aetna Defendants should have held any confidential information obtained by

Aetna by virtue of their agency relationship from SunTrust.  If SunTrust had not

employed Aetna as its FMLA and STD plan administrator, then SunTrust would

have already had this information in its direct possession.  In fact, any

information which Aetna possessed is imputed to SunTrust under agency

principles.  Witcher v. JSD Props., LLC, 690 S.E.2d 855, 857 (Ga. 2010)

("Notice to the agent of any matter connected with his agency shall be notice to

the principal.") (quoting O.C.G.A. § 10-6-58).  Therefore, placing the

information in an agency relationship does not change the fact that SunTrust

was the ultimate possessor of the information–even when it was physically

housed with Aetna.  To argue that the Aetna Defendants were the SunTrust

Defendants' agents contradicts any assertion that information sharing between

the two would somehow be nefarious.  Therefore, for the aforementioned

reasons, Plaintiff's claims for negligence, gross negligence, and negligence *per

se* are **DISMISSED**.

### d. Negligent Supervision

Plaintiff also claims that Aetna negligently supervised Alexander by

failing to "train, supervise, or otherwise prevent" Defendant Alexander from

disclosing the confidential information to the SunTrust Defendants. Am. Cmpl.,

Dkt. No. [15] at ¶ 116. However, in Georgia, "[a]n employer may be held liable

for negligent  supervision only where there is sufficient evidence to establish

that the employer reasonably knew or should have known of an employee's

tendencies to engage in certain behavior relevant to the injuries allegedly

incurred by the plaintiff." Leo v. Waffle House, Inc., 681 S.E.2d 258, 262 (Ga.

Ct. App. 2009) (alterations omitted). First, the Court notes that the Plaintiff has

14

not plausibly plead any facts that Aetna knew or should have known that

Alexander specifically would make any improper disseminations to SunTrust.

However, even if she had, this Court has found that the exchange of information

as plead did not cause actionable injury to the Plaintiff.  Thus, there is nothing

else Aetna should have done in the way of training which would have prevented

any injury. The negligent supervision claim is also **DISMISSED**.

### 3. § 1985 Conspiracy Claim

The Aetna Defendants have also moved to dismiss the Plaintiff's 42

U.S.C. § 1985 conspiracy claim.  "Section 1985 provides a vehicle to redress

conspiracies [which] interfere with civil rights." Farase v. Scherer, 342 F.3d

1223, 1230 (11th Cir. 2003). Section 1985(2) contains two parts. The deterrence

prong creates a private cause of action against any two or more persons who (1)

conspire; (2) to deter a witness by force, intimidation, or threat from attending

or testifying before a federal court; (3) which results in injury to the plaintiff.

Morast v. Lance, 807 F.2d 926, 929-30 (11th Cir. 1987). And, the retaliation

prong is established when Plaintiff alleges "(1) a conspiracy, (2) retaliation

spawned by the attendance or testimony in federal court, (3) an act in

furtherance of the conspiracy, and (4) injury to the plaintiff." Aque v. Home

AO 72A
(Rev.8/82)

Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1343 (N.D. Ga. 2009). "A conspiracy

is an "agreement between parties to inflict a wrong against or injury upon

another...." Id. at 1346.  In determining whether a meeting of the minds has

occurred, the Supreme Court has stated that

> "[a] conspiracy may exist even if a conspirator does not agree to
> commit or facilitate each and every part of the substantive offense.
> The partners in the criminal plan must agree to pursue the same
> criminal objective and may divide up the work, yet each is
> responsible for the acts of the other."

Salinas v. U.S., 522 U.S. 52, 63-64 (1997).

Here, Plaintiff has not sufficiently plead a meeting of the minds.  The

only allegation regarding a criminal objective is that the SunTrust Defendants

"informed Defendants Alexander and AETNA that [their]  purpose in seeking

Plaintiff's FMLA file was to use such records in a lawsuit filed by Plaintiff."

Am. Cmpl., Dkt. No. [15] at ¶ 40.  There is no allegation that the Aetna

Defendants knew that the SunTrust Defendants could not use the records in the

lawsuit, or even what type of lawsuit the underlying claim regarded.  Moreover,

the Aetna Defendants were not told that this evidence would be used either to

retaliate against the Plaintiff or to deter her from pursuing the underlying suit.

Therefore, the Plaintiff has not plausibly pled that the Aetna Defendants knew

16

the intended objective was inappropriate.  Plaintiff's § 1985 claim against the

Aetna Defendants is **DISMISSED**.

### 4. § 1986 Failure to Prevent a Conspiracy Claim

The Aetna Defendants also move to dismiss Plaintiff's 42 U.S.C. § 1986

claim.  Section 1986 makes actionable any conduct by a person who "has

knowledge that any of the wrongs conspired to be done, and mentioned in

[§1985] are about to be committed, and having the power to prevent or aid in

preventing the commission of the same, neglects or refuses to do so." Park v.

City of Atlanta, 120 F.3d 1157, 1159 (11th Cir. 1997) (quoting  42 U.S.C.

§1986).  However, this claim cannot exist without an underlying § 1985

violation. Id. at 1159-1160 (holding that § 1986 claims are derivative of § 1985

claims).  Because the Court has already dismissed Plaintiff's § 1985 claim

against the Aetna Defendants, this claim is also **DISMISSED**.  As a result, the

Aetna Defendant's Motion to Dismiss [30] is **GRANTED**.

**C. Defendant Alexander's Motion to Dismiss for Lack Personal
Jurisdiction**

Defendant Alexander has also challenged whether this Court has personal

jurisdiction over her.  Because all claims against her have been dismissed,

17

Defendant Alexander's Motion to Dismiss for Lack of Personal Jurisdiction [29] is **MOOT**.

### D. Plaintiff's Partial Motion to Strike Defendants' Answer and Affirmative Defenses

Under Federal Rule of Civil Procedure 12(f), the Court may strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from the pleadings on its own motion or "on a motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleadings." FED. R. CIV. PRO. 12(f). Motions to strike are typically denied "unless the matter sought to be admitted has no possible relationship to the controversy, may confuse the issue, or otherwise prejudice a party." Allen v. Life Ins. Co. of No. Am., 267 F.R.D. 407, 410 (N.D. Ga. 2009). First, the Court notes that the SunTrust Defendants have agreed to admit paragraphs 40, 44,[4] 54, and 64. Therefore, those paragraphs are **DEEMED ADMITTED**. As to the remaining paragraphs, the Court has

---

[4]It appears the SunTrust Defendants mistakenly refer to paragraph 44 as paragraph 41 because paragraph 44 was not challenged by the Plaintiff. Even assuming that the Defendants have not agreed to admit paragraph 44, the Court has reviewed the substance of their response and finds that it is an admission.

reviewed Plaintiff's motion and finds no merit.  None of these responses or the affirmative defenses are prejudicial, irrelevant, or confusing.

Furthermore, as for the affirmative defenses, Defendants are not required to meet the heightened standard of Iqbal and Twombly.  The Eleventh Circuit has not spoken on this issue, and district courts in this Circuit have reached conflicting results.  Compare Jackson v. City of Centreville, 269 F.R.D. 661 (N.D. Ala. 2010)(holding that affirmative defenses need not meet Iqbal standard), and Castillo v. Roche Laboratories Inc., Case No. 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010)(holding that affirmative defenses must meet Iqbal standard).  A defendant is required by Rule 8(b) to "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1)(B).  But, a plaintiff is required to provide "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  In adopting the plausibility standard, the Supreme Court "relied heavily on the rule language purporting to require a 'showing' of entitlement to relief." 2 Moore's Federal Practice §8.08 (Matthew Bender 3d ed.).  "The quite different rule language covering pleading of affirmative defenses should eliminate any plausibility requirement."  Id.

Also, when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair. "Unlike plaintiffs, defendants do not have the luxury of prefiling investigation. . . . [R]equiring factual pleading of affirmative defenses is likely to accomplish little more than encouraging a flurry of motions to strike affirmative defenses." Id.

Therefore, as to the remaining paragraphs and the affirmative defenses, the Motion to Strike [19] is **DENIED**.

### E. SunTrust Defendants' Motion for Extension of Time to File Reply to Their Motion to Quash

The SunTrust Defendants ask this Court to extend their time to reply to their motion to quash. The SunTrust Defendants filed their Motion to Quash on February 24, 2011. Dkt. No. [44]. However, on March 9, 2011, this Court stayed all discovery pending its resolution of the Aetna Defendants Motion to Dismiss. Dkt. No. [50]. Notwithstanding the stay, Plaintiff then filed her opposition brief to the motion to quash on March 14, 2011. Dkt. No. [52].

As the Clerk has submitted the Motion to Quash to the Court, the SunTrust Defendants move for an extension of time to file a reply brief. That

20

motion is **GRANTED**. The SunTrust Defendants have 14 days from the date of this Order to file their reply brief.

### III. Conclusion

Plaintiff's Motion to Strike Answer to Amended Complaint [24] is **GRANTED, in part** and **DENIED, in part** and the Aetna Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [30] is **GRANTED**. As well, the SunTrust Defendants' Motion for Extension of Time to File Reply Brief in Support of Motion to Quash Subpoenas [54] is **GRANTED**.  The SunTrust Defendants have 14 days from the date of this Order to file their reply brief.

Based upon the Plaintiff's Amended Complaint filing and the foregoing rulings, Plaintiff's Motion to Strike Answer to Complaint [8] and Defendant Christina Alexander's Motion to Dismiss for Lack of Personal Jurisdiction [29] are **MOOT**.

**SO ORDERED** this  13th  day of June, 2011.


**RICHARD W. STORY**
United States District Judge

21