**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SUSAN FLOYD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-2620-RWS |
| SUNTRUST BANKS, INC., *et al.*, | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

## ORDER

This case comes before the Court on Defendants' Motion to Quash [44].

After a review of the record, the Court enters the following Order.

On February 18, 2011, Plaintiff filed a Notice of Deposition and

Subpoena Duces Tecum on Defendants' Counsel, Fisher & Phillips, LLP

("F&P").  Six days later, and without first conferring with Plaintiff's counsel,

F&P then filed this Motion to Quash which is joined by Defendants due to the

assertion of attorney-client privilege. See Brown v. Braddick , 595 F.2d 961,

967(5th Cir. 1979) (finding that a party obtains standing to protest a subpoena

when he asserts an affected personal right or privilege).

Plaintiff's subpoena contains four document requests: 1) a complete copy of Plaintiff's FMLA file which was provided by Defendants; 2) a complete copy of any other documents F&P received from SunTrust that had originated with Aetna; 3) a complete copy of any communications from the SunTrust Defendants to F&P regarding the Plaintiff; and 4) a complete copy of any communications from F&P to the Defendants which concerned the Plaintiff.

First, the Court notes that the SunTrust Defendants have now produced all responsive documents to Requests 1 and 2. <u>See</u> Def.'s Reply, Dkt. No. [57] at 4.  Therefore, as to the first two requests, the Motion is **MOOT**.

Regarding the last two requests, the Court finds that these documents are clearly protected by the attorney-client privilege and the work-product doctrine. "The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice." <u>In re Grand Jury Proceedings 88-9</u>, 899 F. 2d 1039, 1042 (11th Cir. 1990)(quoting <u>United States v. McConney</u>, 728 F. 2d 1195, 1202 (9th Cir. 1984) (en banc)).The  party claiming the privilege must establish the following elements: (1) the holder of privilege is a client; (2) the person to whom communication was made is a member of the bar and that person is acting as a lawyer in

connection with the communication; (3) the communication relates to a fact of

which the attorney was informed by the client without the presence of strangers

for the purpose of securing legal advice; and (4) the privilege is claimed and not

waived by the client. Id. at 1042. Additionally, the work product doctrine

protects from disclosure documents and tangible things "prepared in

anticipation of litigation or for trial by or for another party" or that party's

representative, including the party's attorney. FED. R. CIV. P. 26(b)(3).

The Court finds that Requests 3 and 4 facially demand attorney-client

communications.  These communications were clearly made between a client

and its attorney during the course of the preceding litigation.  Moreover, the

Court finds no merit in Plaintiff's argument that the Defendants have waived

that privilege. The attorney-client privilege might be waived: (1) when a client

testifies concerning portions of the attorney-client communication; (2) when a

client places the attorney-client relationship directly in issue; and (3) when a

client asserts reliance on attorney advice as an element of the defense. Cox v.

Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1418 (11th Cir. 1994).  The

SunTrust Defendants have done none of these things.  Stating that Hammond

served as SunTrust's case manager or ascertained the documents pursuant to

3

SunTrust's discovery obligations does not waive any privilege–it is not as if Hammond claims she was relying on F&P's legal opinion.  Therefore, Defendants' and Non-Party F&P's Motion to Quash is **GRANTED** as to Requests 3 & 4.

Defendants have also served a Notice of Oral Deposition on F&P. Dkt. No. [42]. While the Federal Rules do not explicitly disallow the deposition of opposing counsel, "[f]ederal courts . . .have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case." West Peninsular Title Co. v. Palm Beach Cnty., 132 F.R.D. 301, 302 (S.D. Fla.1990).  To determine the circumstances that would justify deposing opposing counsel, the Eighth Circuit set out a tripartite test which the Court finds persuasive here.  See Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).  Under Shelton, the party seeking to take the deposition must show that "(1) no other means exist to obtain this information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged; and, (3) the information is crucial to the preparation of the case." Id.

The Court finds that the Plaintiff can authenticate the FMLA file through another source.  In fact, the Defendants are in the best position to do so because they know what documents they received from Aetna and subsequently disseminated to F&P.  Therefore, the Court **GRANTS** Defendants and F&P's Motion to Quash the Notice of Deposition.

As a result of this motion, the Defendants and F&P have requested the Court to sanction the Plaintiff and her counsel in an amount equivalent to the cost of preparing the instant motion.  While this subpoena and notice of deposition are requests that would arguably warrant sanctions, the Defendants and F&P did not first attempt to resolve these disputes with the Plaintiff after receipt of the offending documents and prior to filing this motion.  Therefore, Plaintiff was not first given the opportunity to withdraw the requests.  This Court encourages open communications between the parties and expects them to first confer before filing discovery motions such as these.  Therefore, Defendants and F&P's Motion for Sanctions is **DENIED**.

In sum, Defendants and F&P's Motion to Quash [44] is **MOOT** as to Requests 1 and 2 and **GRANTED** as to the remaining requests and deposition. However, their Motion for Sanctions [44] is **DENIED**.

5

**SO ORDERED** this  30th  day of June, 2011.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)